

# The Attorney General of Texas

August 13, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Roger D. Shipman
Executive Secretary
Texas Board of Veterinary
    Medical Examiners
3810 Medical Parkway, Suite 119
Austin, Texas    78756

Opinion No.  JM-339

Re:  Whether an individual who performs veterinary services for a governmental agency must be licensed under article 7465a, V.T.C.S.

Dear Mr. Shipman:

In your letter you ask the following question:

> Does article 7465a as it regards the definition of the practice of veterinary medicine in the state of Texas, together with the exceptions therein contained, require a Texas license of a veterinarian who receives compensation for his services from a government organization rather than directly from the public?

The Veterinary Licensing Act requires anyone who practices, offers or attempts to practice veterinary medicine to obtain a license from the Texas Board of Veterinary Medical Examiners. V.T.C.S. art. 7465a, §4. Section 2(b) of the act defines the "Practice of Veterinary Medicine" as follows:

> (b) Any person shall be deemed in the 'Practice of Veterinary Medicine' who represents himself as engaged in the practice of veterinary medicine; or uses any words, letters or titles in such connection or under such circumstances as to induce the belief that the person using them is engaged in the practice of veterinary medicine, or any person who performs a surgical or dental operation or who diagnoses, treats, immunizes or prescribes any drug, medicine, application or veterinary appliance for any physical ailment, injury, deformity or condition of domestic animals, for compensation.

V.T.C.S. art. 7465a, §2(b).

In your letter you suggest that veterinarians who work for governmental bodies might not be engaged in the practice of medicine because they do not receive compensation directly from the public. The act simply states, however, that someone who renders certain services "for compensation" is engaged in the practice of veterinary medicine. The act places no limitation on the nature or source of the compensation; nor does it require that the party benefited be the party who compensates the veterinarian.

Also, section 3 of the act exempts from the act's licensing requirements persons who engage in specific types of conduct. V.T.C.S. art. 7465a, §3. A veterinarian who works for governmental bodies is not among the exceptions. If the legislature had intended to exempt such veterinarians from the act, it could have done so, as it did in the Psychologists Certification and Licensing Act, which requires anyone who "offers psychological services . . . for compensation" to be licensed by the Texas State Board of Examiners of Psychologists but exempts any psychologist employed by a government agency from the requirement. V.T.C.S. art. 4512c, §§21, 22(a)(1). Furthermore, it is well established that exceptions to statutes may not ordinarily be implied. Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109 (Tex. 1961).

We must conclude, therefore, that veterinarians employed by governmental agencies are not exempt from article 7465a simply because of the source of their compensation. We do note, however, that the act's license requirement applies only to veterinarians who practice, offer or attempt to practice veterinary medicine, as defined in section 2(b). Thus, a veterinarian employed by the state whose title or functions do not bring him within that definition would not be subject to the requirements of article 7465a. See also section 10(b) (discretionary waiver provision for veterinarians licensed out of state).

## S U M M A R Y

Veterinarians employed by governmental entities are not exempt from the licensing requirement of article 7465a, V.T.C.S.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk